MARLON SYMS *v.* COMMISSIONER OF CORRECTION
(AC 18394)

Landau, Mihalakos and Dupont, Js.

Argued October 18—officially released December 28, 1999

*James A. Shanley*, special public defender, for the appellant (petitioner).

*Nancy Chupak*, deputy assistant state's attorney, with whom, on the brief, were *James Thomas*, state's attorney, and *Edward R. Narus*, senior assistant state's attorney, for the appellee (respondent).

---

PER CURIAM. After a review of the record and briefs, and after hearing the parties at oral argument, we conclude that the petitioner, Marlon Syms, has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal from the dismissal of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petitioner's writ was predicated on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).[1]

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

---

[1] The habeas court also found as a fact that counsel had effectively attacked the only eyewitnesses who had identified the petitioner and that counsel's decision not to present any witnesses was reasonable trial court strategy in light of all the circumstances.