# MATTER OF GARCIA-ALZUGARAY

## In Exclusion Proceedings

## A-22759530

### Decided by Board August 25, 1986

(1) An alien conditionally admitted to the United States as a refugee under section 207 of the Immigration and Nationality Act, 8 U.S.C. § 1157 (1982), has not been paroled pursuant to section 212(d)(5) of the Act, 8 U.S.C. § 1182(d)(5) (1982).

(2) The sole basis for terminating the status of an alien admitted to the United States as a refugee under section 207 of the Act is a determination that he was not a refugee within the meaning of section 101(a)(42) of the Act, 8 U.S.C. § 1101(a)(42) (1982), at the time of his admission.

(3) Absent the proper termination of his status, an alien who has been admitted as a refugee under section 207 of the Act may not be placed in exclusion proceedings until there has been a prior determination that such alien is inadmissible, following his examination under oath by an immigration officer.

EXCLUDABLE: Act of 1952—Sec. 212(a)(9) [8 U.S.C. § 1182(a)(9)]—Crime involving moral turpitude

ON BEHALF OF APPLICANT:
Pro se

ON BEHALF OF SERVICE:
Charles R. Kulaxsa
Acting General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 11, 1981, an immigration judge terminated the exclusion proceedings and certified his decision to the Board pursuant to 8 C.F.R. § 3.1(c) (1981). The decision will be affirmed as modified.

The applicant is a 39-year-old native and citizen of Cuba, who was admitted to the United States at Miami, Florida, on June 28, 1980, as a refugee pursuant to section 207 of the Immigration and Nationality Act, 8 U.S.C. § 1157 (1982). He was convicted in the State of Texas on January 31, 1981, of burglary of a vehicle and was sentenced to 3 years in prison. Imposition of sentence was suspended, and the applicant was placed on probation for a period of 3 years. At his exclusion hearing on February 11, 1981, the applicant

was served with written notice dated February 4, 1981, that his parole status, authorized under section 212(d)(5) of the Act, 8 U.S.C. § 1182(d)(5) (1982), was terminated pursuant to 8 C.F.R. § 212.5(b) (1981) based on his conviction. He was also served at that time with a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122) dated February 11, 1981, indicating that he was being detained for a hearing to determine his possible excludability under section 212(a)(9) of the Act.

The immigration judge found that the applicant had not been paroled pursuant to the provisions of section 212(d)(5) of the Act but had been admitted as a refugee under section 207 of the Act. He reasoned that the applicant was not, therefore, an applicant for admission seeking entry to the United States in accordance with sections 235, 236, and 237 of the Act, 8 U.S.C. §§ 1225, 1226, and 1227 (1982). The immigration judge concluded that he was without jurisdiction to proceed and terminated the exclusion proceedings. While we do not agree with his reasons, we find the immigration judge's termination of the proceedings proper.

By the Refugee Act of 1980, Pub. L. No. 96-212, 94 Stat. 102, Congress replaced the "conditional entrant" status for refugees under former section 203(a)(7) of the Act, 8 U.S.C. § 1153(a)(7) (1976), with sections 207, 208, and 209 of the Act, 8 U.S.C. §§ 1157, 1158, and 1159 (1982), which provided for conditional admission of all refugees entering the United States, deferred their inspection and examination by the Service, and subjected such aliens found inadmissible to exclusion proceedings in accordance with the provisions of sections 235, 236, and 237 of the Act. We note that in providing that all refugees entering the United States be admitted conditionally, Congress specifically rejected the provisions in the Senate's version of the Refugee Act which would have admitted refugees entering the United States as lawful permanent residents. S. Rep. No. 256, 96th Cong., 1st Sess. 4, 7-10, 15-18, *reprinted in* 1980 U.S. Code Cong. and Ad. News 141, 144, 147-150, 155-158; H.R. Rep. No. 781, 96th Cong., 2d Sess. 19, 21, *reprinted in* 1980 U.S. Code Cong. and Ad. News 160, 162.

We conclude that the applicant's "admission" as a refugee under section 207(c)(1) of the Act was conditional and that, upon the proper termination of his status as a refugee or the determination that he was not admissible, following his examination under oath by an immigration officer, the applicant would properly be subject to exclusion proceedings in accordance with sections 235, 236, and 237 of the Act. Sections 207(c)(4), 209(a)(1) of the Act; 8 C.F.R. §§ 207.8, 209.1 (1986). We are satisfied, however, from a review of the record that the applicant was not properly placed in exclusion

proceedings. There is no evidence that the applicant's status as a refugee was terminated in accordance with the Act and regulations or that he was determined to be inadmissible following his examination under oath by an immigration officer.

The sole basis for terminating the status of an alien, such as the applicant, who was admitted to the United States as a refugee under section 207 of the Act, is a determination that he was not a refugee within the meaning of section 101(a)(42) of the Act, 8 U.S.C. § 1101(a)(42) (1982), at the time of his admission. Section 207(c)(4) of the Act provides:

The refugee status of any alien (and of the spouse or child of the alien) may be terminated by the Attorney General pursuant to such regulations as the Attorney General may prescribe if the Attorney General determines that the alien was not in fact a refugee within the meaning of section 101(a)(42) at the time of the alien's admission.

The regulation at 8 C.F.R. § 207.8 (1986), which implements the provisions of section 207(c)(4), provides:

The refugee status of any alien (and of the spouse or child of the alien) admitted to the United States under section 207 of the Act shall be terminated by any district director in whose district the alien is found if the alien was not a refugee within the meaning of section 101(a)(42) of the Act at the time of admission. The district director shall notify the alien in writing of the Service's intent to terminate the alien's refugee status. The alien shall have 30 days from the date notice is served upon him/her or, delivered to his/her last known address, to present written or oral evidence to show why the alien's refugee status should not be terminated. There is no appeal under this chapter from the termination of refugee status by the district director. Upon termination of refugee status, the district director shall process the alien under sections 235, 236, and 237 of the Act.

The Service's written notice to the applicant contained in the record purporting to terminate his status is both factually inaccurate and legally deficient. It states that the applicant was paroled into the United States under section 212(d)(5) of the Act and that his parole status is being terminated in accordance with 8 C.F.R. § 212.5(b) (1981) [1] based on his conviction for a serious misdemeanor or felony. The applicant was admitted as a refugee under section 207(c)(1) of the Act and not paroled into the United States under section 212(d)(5). The applicant's subsequent conviction for burglary in this country does not provide a basis for terminating his refugee status under section 207 of the Act. Moreover, the applicant was served with the notice at the time of his exclusion hearing. He was not provided with the 30 days' written notice of intent to terminate his status required by 8 C.F.R. § 207.8 (1986). We conclude that the

---

[1] Termination of parole is presently authorized under 8 C.F.R. § 212.5(d) (1986).

applicant's status as a refugee under section 207 of the Act has not been terminated.

Absent the proper termination of his status, an alien who has been admitted as a refugee under section 207 of the Act may not be placed in exclusion proceedings until there has been a prior determination that such alien is inadmissible, following his examination under oath by an immigration officer. Section 209(a)(1) of the Act provides:

> Any alien who has been admitted to the United States under section 207—
>
> > (A) whose admission has not been terminated by the Attorney General pursuant to such regulations as the Attorney General may prescribe,
> >
> > (B) who has been physically present in the United States for at least one year, and
> >
> > (C) who has not acquired permanent resident status,
>
> shall, at the end of such year period, return or be returned to the custody of the Service for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 235, 236, and 237.

The regulation at 8 C.F.R. § 209.1(a)(1) (1986) provides:

> Every alien in the United States as a refugee under section 207 of this chapter whose status has not been terminated, is required to appear before an immigration officer one year after entry to determine his/her admissibility under sections 235, 236, and 237 of the Act. The applicant shall be examined under oath to determine admissibility. If the applicant is found to be admissible, he/she shall be inspected and admitted for lawful permanent residence as of the date of the alien's arrival in the United States. If the applicant is determined to be inadmissible, he/she shall be informed that he/she may renew the request for admission to the United States as an immigrant in exclusion proceedings under section 236 of the Act. The provisions of this section shall provide the sole and exclusive procedure for adjustment of status by a refugee admitted under section 207 of the Act, whose application is based on his/her refugee status.

There is no evidence that the applicant was examined under oath by an immigration officer or determined to be inadmissible prior to being placed in exclusion proceedings. The record reflects that the applicant was served with the original Form I-122 at the time of his hearing on February 11, 1981, and that the notice was prepared on the same date. We are satisfied that the requirements of section 209(a)(1) of the Act and 8 C.F.R. § 209.1(a)(1) (1986) were not complied with in this case.[2]

---

[2] We note that section 207(c)(3) of the Act and 8 C.F.R. § 207.3(b) (1986) provide that the exclusionary grounds contained in section 212(a) of the Act, with certain exceptions not relevant here, may be waived for an alien admitted as a refugee under section 207 of the Act. Consideration of such waivers, in the first instance, is appropriately part of the examination of the alien under oath by an immigration officer provided for in 8 C.F.R. § 209.2(a)(1) (1986).

We conclude that the provisions of the Act and regulations pertaining to an alien admitted as a refugee under section 207 of the Act were not followed. *See Matter of O*, 16 I&N Dec. 344 (BIA 1977). The applicant's status as a refugee has not been terminated, nor has the applicant been examined under oath by an immigration officer and determined to be inadmissible. Accordingly, we find that the exclusion proceedings were improperly instituted.

**ORDER:** The decision of the immigration judge is affirmed as modified.