

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2007

# Strelchikov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5577

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Strelchikov v. Atty Gen USA" (2007). *2007 Decisions.* Paper 938.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/938

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5577

———

VYACHESLAV STRELCHIKOV,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

Petition for Review of an Order of
the Board of Immigration Appeals
No. A70-325-281
Immigration Judge: Charles M. Honeyman

———

Submitted under Third Circuit LAR 34.1(a)

May 11, 2007

Before: RENDELL, JORDAN and ALDISERT, <u>Circuit Judges</u>.

(Filed June 15, 2007)

ALDISERT, <u>Circuit Judge</u>.

Vyacheslav Strelchikov, a native of Belarus, petitions for review from a final order of the Board of Immigration Appeals ("BIA"). Strelchikov argues that the Board erred by: (1) failing to terminate removal proceedings based on his status as a refugee, and (2) finding that he committed an aggravated felony. Strelchikov also seeks review of the Immigration Judge's denial of his application for asylum and withholding of removal. For the following reasons, we will deny the Petition on all grounds.

**I.**

The parties are familiar with the facts and proceedings before the BIA and the Immigration Judge ("IJ"), so we will only briefly revisit them here. Strelchikov, born in the former Soviet Socialist Republic of Belarus, came to the United States in 1990 as a refugee pursuant to 8 U.S.C. § 1157. He later adjusted his immigration status to that of a lawful permanent resident. Unfortunately for Strelchikov, on June 5, 2002, the United States District Court for the Southern District of New York convicted him of Conspiracy to Commit Extortion in violation of 18 U.S.C. § 1951. The District Judge sentenced him to 24 months' imprisonment.

As a result of this conviction, the Department of Homeland Security ("DHS")

initiated removal proceedings against Strelchikov. DHS charged him with removability for having been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony . . . is deportable."). In response, Strelchikov filed a Motion to Terminate Removal Proceedings. He argued that the Government could not subject him to removal because the Attorney General never revoked his status as a refugee. He further contended that the crime he committed did not constitute an aggravated felony. Fearing that he would be persecuted if forced to return to Belarus, Strelchikov also filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

On January 9, 2004, Immigration Judge Charles M. Honeyman denied Strelchikov's Motion to Terminate. The IJ determined that the government may place permanent residents in removal proceedings, even if they maintain status as refugees. The IJ also found the Petitioner removable under 8 U.S.C. § 1227 for having been convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43). Specifically, the IJ determined that Conspiracy to Commit Extortion amounted to a crime of violence. In a separate hearing on March 12, 2004, the IJ denied Strelchikov's application for asylum and withholding of removal. The IJ, however, determined that Strelchikov merited protection under the CAT and therefore granted his application for deferral of removal.

Both Strelchikov and DHS appealed to the BIA. Strelchikov again argued that he

3

did not commit an aggravated felony and that he was not subject to removal proceedings because of his status as a refugee. The government maintained that he did not merit protection under the CAT. On December 1, 2005, the Board issued a lengthy opinion dismissing the arguments of both parties.[1] Strelchikov now petitions for review of the BIA's decision.

## II.

Where, as here, the BIA renders its own decision on the merits, this Court reviews only the decision of the Board. See Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). We review the BIA's legal determinations de novo and its factual findings for substantial evidence. See Balasubramanrim v. INS, 143 F.3d 157, 167 (3d Cir. 1998).

## III.

Strelchikov first argues that an alien who entered the country as a refugee and subsequently became a permanent resident may not be placed in removal proceedings if the Attorney General has not terminated his refugee status pursuant to 8 U.S.C. §

---

[1] The Board then remanded the case to allow DHS to complete a background check on Strelchikov. On March 29, 2006, the IJ issued an order declaring the background check complete. Moreover, the March 29 document reissued the order denying Petitioner's applications for asylum and withholding of removal, and granting him deferral of removal under the CAT. Therefore, there is now no question that a final order has been entered in this matter and that we have jurisdiction pursuant to 8 U.S.C. § 1252. See also Matter of Alcantara-Perez, 23 I. & N. Dec. 882, 883-885 (BIA 2006) (holding that "when a proceeding is remanded to the immigration judge for background checks," the immigration judge will enter an order and "[t]hat order then becomes the final administrative order in the case").

4

1157(c)(4).  See Matter of Garcia-Alzugaray, 19 I. & N. Dec. 407, 410 (BIA 1986) (holding that a refugee applying for legal permanent resident status could not be placed in removal proceedings).  In 2004, we asked the BIA to address this precise issue.  See Smriko v. Ashcroft, 387 F.3d 279 (3d Cir. 2004).  Contrary to Strelchikov's argument, the BIA held that an alien's status as a refugee does not provide complete protection from removal.  See In re Sejid Smriko, 23 I. & N. Dec. 836, 837-838 (BIA 2005).  Strelchikov asks us to hold that the "decision by the BIA is in error."  We decline to do so.

The law on this issue is settled.  In Romanishyn v. Attorney General, 455 F.3d 175 (3d Cir. 2006), we explicitly upheld the BIA's reasoning in In re Sejid Smriko.  Indeed, we noted our satisfaction with the Board's conclusion that an alien who has been admitted as a refugee and has adjusted his or her status may be placed in removal proceedings for committing an aggravated felony.  Romanishyn, 455 F.3d at 185.  Strelchikov's case is on all fours with Romanishyn, and accordingly we will deny this part of the petition for review.

## IV.

We are next asked to decide if Strelchikov's conviction for Conspiracy to Commit Extortion constitutes an aggravated felony.  Strelchikov argues that because he did not actually engage in extortion or physically harm anyone, he did not commit an aggravated felony.  Although this argument packs some theoretical punch, the law does not support Strelchikov's view of the case.

5

As always, our analysis begins with the relevant statutory language. The Immigration and Nationality Act defines an aggravated felony as "a crime of violence . . . for which the term of imprisonment is at least one year." See 8 U.S.C. § 1101(a)(43)(F). The law also states, clearly, that "conspiracy to commit" a crime of violence qualifies as an aggravated felony. See 18 U.S.C. § 1101(a)(43)(U). We further note that a crime of violence is any offense:

> (a) . . . that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

In determining whether a petitioner's wrongdoing meets this standard, we use the "categorical approach." See Taylor v. United States, 495 U.S. 575 (1990); Tran v. Gonzales, 414 F.3d 464, 469 (3d Cir. 2005). That is, we examine "the elements and the nature of the offense of conviction, rather than . . . the particular facts relating to petitioner's crime." Leocal v. Ashcroft, 543 U.S. 1, 7 (2004). However, where the statute is divisible—where it consists of some offenses which include an element of force and others that do not—we look to the charging documents to determine which section of the statute was violated. United States v. Remoi, 404 F.3d 789, 793 (3d Cir. 2005).

With these teachings in mind, we turn to the specifics of the case. The law defines extortion as "the obtaining of property from another, with his consent, induced by

6

wrongful use of actual or threatened force, violence, or fear, or under the color of official right." 18 U.S.C. § 1951(b)(2). Both parties agree that the plain meaning of the statute prohibits conduct that amounts to a crime of violence ("obtaining property from another. . . induced by . . . use of actual . . . force") and conduct that does not ("obtaining property from another, with his consent . . . under color of official right"). As a result, we must look to the charging documents for clarification. Strelchikov pleaded guilty to the charge of: "[U]nlawfully, willfully, and knowingly . . . conspir[ing] . . . to commit extortion . . . by the obtaining of property from and with the consent of another person . . . which consent was induced by wrongful use of actual and threatened force, violence, and fear." App. 1353. This plea, on its face, establishes that Strelchikov willfully conspired to commit an offense that had as an element the "use . . . or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Accordingly, we agree with the BIA that Strelchikov's conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

## V.

Strelchikov also petitions this Court to review the IJ's denial of his application for asylum and withholding of removal. Strelchikov complains that the IJ incorrectly determined that his conviction constituted a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii). The government argues that we do not have jurisdiction to hear Petitioner's contentions because he did not raise them before the BIA. We agree.

7

As a general rule, an alien must exhaust all of his administrative remedies before raising a claim before this Court. 8 U.S.C. § 1252(d)(1); Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). To exhaust a claim, an alien must first raise the issue before the BIA, Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989), so as to give the Board "the opportunity to resolve a controversy or correct its own errors before judicial intervention." Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004). After a thorough search of the record, we find no evidence that Strelchikov presented the BIA with any argument on whether his conviction constituted a "particularly serious crime." Accordingly, this Court lacks jurisdiction to consider Strelchikov's argument.

## VI.

Finally, Strelchikov maintains that the government violated his rights under the Due Process Clause. Specifically, he contends he was denied the opportunity to be heard at a meaningful time and in a meaningful manner. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). This argument is utterly devoid of merit. Where, as here, an alien had an opportunity to present evidence before the IJ, and the BIA had the administrative record before it on review and considered all of the claims, due process is satisfied. United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004); Chong v. District Director, 264 F.3d 378, 387 (3d Cir. 2001).

* * * * * *

We have considered all of the arguments advanced by the parties and conclude that

8

no further discussion is necessary.  Accordingly, the petition for review will be denied.