# Matter of Elvis GUZMAN-POLANCO, Respondent

*Decided February 24, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) For a State offense to qualify as a crime of violence under 18 U.S.C. § 16(a) (2012), the State statute must require as an element the use, attempted use, or threatened use of violent physical force. *Matter of Martin*, 23 I&N Dec. 491 (BIA 2002), withdrawn.

(2) The crime of aggravated battery under the Puerto Rico Penal Code, which may be committed by means that do not require the use of violent physical force, is not categorically a crime of violence under 18 U.S.C. § 16(a).

FOR RESPONDENT: Maria del Rosario Garcia Miranda, Esquire, San Juan, Puerto Rico

FOR THE DEPARTMENT OF HOMELAND SECURITY: Magdalena Ramos, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, MALPHRUS, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated May 19, 2015, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony crime of violence under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012), and ordered him removed from the United States.[1] The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

The respondent is a native and citizen of the Dominican Republic who entered the United States on November 2, 1997, as a lawful permanent resident. On November 15, 2012, he was convicted of aggravated battery in the third degree in violation of Article 122 of the Puerto Rico Penal Code, which is codified at title 33, section 4750 of the Laws of Puerto Rico

---

[1] The Immigration Judge also noted that the question of the respondent's removability was previously determined in an order dated May 13, 2015, which was incorporated by reference, and that the respondent had requested no relief from removal.

Annotated.[2]   His sentence to 3 years and 1 day of imprisonment was suspended.   The Department of Homeland Security ("DHS") initiated removal proceedings against the respondent on March 3, 2015.

The Immigration Judge determined that the respondent is removable because his aggravated battery offense is a crime of violence under 18 U.S.C. § 16(a) (2012).[3]   Specifically, she ruled that the Puerto Rico statute is divisible because it criminalizes both conduct that qualifies as a crime of violence and conduct that does not.   In this regard, the Immigration Judge focused on the elements of aggravated battery in section 4750, noting that the offense includes injuries that require emotional and psychological treatment, as well as those that require physical treatment. She determined that injuries requiring physical treatment involve the use of physical force, which is necessary for an offense to be a crime of violence under § 16(a), but that injuries involving emotional and psychological treatment do not.   Finding that the statute is divisible, the Immigration Judge applied the modified categorical approach to hold that the respondent's conviction is for an aggravated felony crime of violence.

The respondent argues that the Immigration Judge should have applied the categorical approach to find that he was not convicted of a crime of

---

[2]   Article 122 of the Puerto Rico Penal Code, states the following in regard to aggravated battery:

> If the battery *described in § 4749* of this title causes an injury that does not leave permanent harm, but requires medical attention, specialized professional outpatient treatment, shall incur a fourth degree felony.

> If the battery causes an injury that requires hospitalization or extended treatment, or causes permanent harm, the perpetrator shall incur a third degree felony. This modality also includes mayhem, those that transmit an illness, syndrome or condition requiring prolonged *physical treatment*, or those that require prolonged *psycho-emotional treatment*.

33 L.P.R.A. § 4750 (2011) (emphases added).   The predicate offense of simple battery, referenced in Article 122 as section 4749 of the Laws of Puerto Rico Annotated, is at Article 121 of the Puerto Rico Penal Code, which provides:

> Any person who illegally *through any means or form inflicts injury to the bodily integrity* of another shall incur a misdemeanor.

(Emphasis added.)   For ease of reference in this decision, we will refer to these provisions as codified at sections 4749 and 4750.
[3]   A crime of violence is defined in 18 U.S.C. § 16(a) as "an offense that has as an element the use, attempted use, or threatened *use of physical force* against the person or property of another."  (Emphasis added.)

violence under § 16(a). The DHS does not dispute that the categorical approach is applicable, but it contends that the respondent's offense categorically is a crime of violence. Neither party asserts that we should apply the modified categorical approach.

In determining whether a State crime qualifies as a removable offense under the Federal definition, we must compare the State offense to the generic Federal offense and determine if it is a categorical match. *See United States v. Fish*, 758 F.3d 1, 5 (1st Cir. 2014). In making this comparison, we do not consider the respondent's conduct in committing the offense but look, instead, to whether "the state offense '"necessarily" involved . . . facts equating to [the] generic [federal offense].'" *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)) (alterations in original). Because we do not examine the facts underlying the respondent's particular case, "we must presume that the conviction 'rested upon [nothing] more than th[e] least of the acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)) (alterations in original).

According to the DHS, because the predicate offense for aggravated battery in section 4750 is simple battery under section 4749, which requires the intentional infliction of "injury to the bodily integrity" of the victim, every battery offense necessarily involves the use of "physical force" required for a crime of violence under § 16(a).[4] *See* 33 L.P.R.A. § 4650 (2011) (providing that any act sanctioned by the Puerto Rico criminal code requires intent, unless it expressly states that negligence is sufficient). In this regard, the DHS relies on our decision in *Matter of Martin*, 23 I&N Dec. 491, 494 (BIA 2002), where we stated that the "legislative history of the 'crime of violence' definition provides explicit support for the conclusion that *an assault involving the intentional infliction of physical injury has as an element the use of physical force* within the meaning of 18 U.S.C. § 16(a)." (Emphasis added.)

Subsequent to our decision in *Martin*, the Supreme Court held that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. at 140; *see also Leocal v. United States*, 543 U.S. 1, 11

---

[4] Although the term "bodily integrity" in section 4749 does not appear to be a statutorily defined term, the Supreme Court of Puerto Rico has described "the integrity of the person" in a case regarding the offense of mayhem as the "natural sufficiency and good appearance of the limbs and organs of the human body, and the preservation of its functions." *People v. Castañón Pérez*, 14 P.R. Offic. Trans. 688, 695 n.4, 1983 WL 204175 (P.R. 1983).

(2004) (stating that the ordinary meaning of the term "crime of violence" in § 16(a), combined with its emphasis on the use of physical force against another person, "suggests a category of *violent*, active crimes" (emphasis added)). We have previously held that *Johnson* controls our interpretation of a crime of violence under § 16(a). *Matter of Velasquez*, 25 I&N Dec. 278, 282 (BIA 2010).

Furthermore, during the pendency of this appeal the United States Court of Appeals for the First Circuit, in whose jurisdiction this case arises, rejected our decision in *Martin*, recognizing that for purposes of § 16(a), "physical force" is understood to mean violent force. *Whyte v. Lynch*, 807 F.3d 463, 468 (1st Cir. 2015) (finding that the third degree assault offense under the same Connecticut statute addressed in *Matter of Martin* is not a crime of violence).[5] Based on these decisions, we now withdraw from our holding in *Matter of Martin* to the extent that it is inconsistent with the Supreme Court's decisions in *Johnson* and *Leocal*.

In *Whyte*, the First Circuit found that in order for a State offense to qualify as a categorical crime of violence under § 16(a), the statute must require, by its actual terms or by interpretive State case law, the "use, attempted use, or threatened use of '*violent* force' as a necessary element of conviction." *Whyte v. Lynch*, 807 F.3d at 468 (stating that the "elements of a crime may be defined by statute or by case law" (citations omitted)). In reaching its conclusion that the term "physical force" in § 16(a) means violent force, the court addressed the Government's contention, also raised by the DHS in this case, that a statute that requires the element of physical injury to the victim necessarily "implies an added element that physical force be used to cause the injury." *Id.* at 470. The Government based this argument on the reasoning in *United States v. Nason*, 269 F.3d 10, 20 (1st Cir. 2001), where the court stated that "to cause *physical* injury, force necessarily must be *physical* in nature."

The First Circuit pointed out that the flaw in the Government's argument was its assumption that the term "physical force" in § 16(a) has the same meaning that it has in 18 U.S.C. § 921(a)(33)(A)(ii) (2012), where it is used to define a misdemeanor crime of domestic violence for purposes of the Domestic Violence Offender Gun Ban at 18 U.S.C. § 922(g)(9) (2012), the offense at issue in *Nason*. *Whyte v. Lynch*, 807 F.3d at 470. In that regard, the court emphasized that "physical force" can "mean different things depending on the context in which it appears." *Id.* (citing *Johnson*

---

[5] Several other circuit courts have also rejected *Matter of Martin*. *Singh v. Ashcroft*, 386 F.3d 1228, 1233 (9th Cir. 2004); *Flores v. Ashcroft*, 350 F.3d 666, 671 (7th Cir. 2003); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 196 (2d Cir. 2003).

*v. United States*, 559 U.S. at 139 ("Ultimately, context determines meaning.")).

Explaining how the statutory context matters, the First Circuit discussed the Supreme Court's decisions in *Johnson* and *United States v. Castleman*, 134 S. Ct. 1405 (2014). *Id*. at 471. In *Johnson*, the Court held that that the phrase "physical force" in 18 U.S.C. § 924(e)(2)(B)(i) (2006), which defines the term "violent felony" for purposes of the Armed Career Criminal Act at § 924(e)(1), means "*violent* force." *Johnson v. United States*, 559 U.S. at 140. By contrast, the Court in *Castleman* distinguished its holding in *Johnson*, determining that when "physical force" is used in the context of the domestic violence offense in § 922(g)(9), it should be defined differently to incorporate the common-law meaning, which is satisfied by a "mere offensive touching." *United States v. Castleman*, 134 S. Ct. at 1411−13.[6]

As the First Circuit noted, it has extended the reasoning in *Johnson* regarding the phrase "physical force" in § 924(e)(2)(B)(i) to the definition of "physical force" in the context of determining whether a State statute defines a crime of violence under § 16(a). *Whyte v. Lynch*, 807 F.3d at 468 (citing *United States v. Fish*, 758 F.3d at 9); *accord Johnson v. United States*, 559 U.S. at 140 (relying on the interpretation of "physical force" in *Leocal* because the statutory definition of a crime of violence in § 16 is "very similar" to the language of § 924(e)(2)(B)(i)). Consequently, the court rejected the Government's argument that physical injury to the victim is sufficient to establish the use of physical force for § 16(a) and held that a State offense must "require as an element the use, attempted use, or threatened use of violent force" to qualify as a crime of violence aggravated felony for immigration purposes. *Whyte v. Lynch*, 807 F.3d at 471−72 (contrasting the approach in *Nason*, which, like *Castleman*, was in the context of the domestic violence offense in § 922(g)(9)). We agree. *See Matter of Velasquez*, 25 I&N Dec. at 282.

The simple battery statute at section 4749 of the laws of Puerto Rico, by its terms, provides that every battery requires the infliction of bodily injury "through any means or form." Therefore, the offense of third degree aggravated battery under section 4750 could be committed by means that do not require the use of violent physical force. For example, an offender could commit aggravated battery by injuring another person through the use

---

[6] The Supreme Court did not reach the question whether the forms of injury involved in the statute at issue in *Castleman* "necessitate violent force, under *Johnson*'s definition of that phrase." *United States v. Castleman*, 134 S. Ct. at 1414.

of poison.[7]  Consequently, the use of violent force is not a required element of the crime of battery under the Puerto Rico statutes.  Moreover, the DHS has not pointed to any case law of Puerto Rico that suggests that the battery statutes have been interpreted to require the use of violent force as an element.  We therefore conclude that the conduct criminalized under the Puerto Rico aggravated battery statute is not categorically a crime of violence under § 16(a).  *See Whyte v. Lynch*, 807 F.3d at 471−72.

The DHS has not established that the respondent is removable as an alien convicted of a crime of violence under § 16(a).  However, given that there appear to be unresolved issues regarding the respondent's removability, in particular whether his conviction is for a crime of violence under § 16(b), we will remand the record to the Immigration Judge for further proceedings, as warranted.  Accordingly, the respondent's appeal will be sustained, and the record will be remanded.

**ORDER:**  The appeal is sustained

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[7]  The First Circuit noted that a person could also intentionally cause physical injury without "violent force" by "telling the victim he can safely back his car out while knowing an approaching car driven by an independently acting third party will hit the victim."  *Whyte v. Lynch*, 807 F.3d at 469 (quoting *United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006)).  Both that scenario and the use of poison illustrate actions that do not require the use of "violent force" but that could nonetheless result in bodily injury to the victim.  *See also Rummel v. Estelle*, 445 U.S. 263, 282 n.27 (1980) ("Caesar's death at the hands of Brutus and his fellow conspirators was undoubtedly violent; the death of Hamlet's father at the hands of his brother, Claudius, by poison, was not.").