# Matter of Elvis GUZMAN-POLANCO, Respondent

*Decided September 9, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The crime of aggravated battery in violation of the Puerto Rico Penal Code is not categorically a crime of violence under 18 U.S.C. § 16(a) (2012), but controlling circuit court law should be followed regarding the question whether conduct such as the use or threatened use of poison to injure another person involves sufficient "force" to constitute a crime of violence. *Matter of Guzman-Polanco*, 26 I&N Dec. 713 (BIA 2016), clarified.

FOR RESPONDENT: Maria del Rosario Garcia Miranda, Esquire, San Juan, Puerto Rico[1]

FOR THE DEPARTMENT OF HOMELAND SECURITY: Magdalena Ramos, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, MALPHRUS, and GREER, Board Members.

PAULEY, Board Member:

In our prior decision in *Matter of Guzman-Polanco*, 26 I&N Dec. 713 (BIA 2016), we held that a conviction for aggravated battery in violation of the Puerto Rico Penal Code is not categorically for a crime of violence under 18 U.S.C. § 16(a) (2012). The Department of Homeland Security ("DHS") has moved for reconsideration of that decision. The motion will be granted so that we may address the DHS's arguments and clarify our prior decision, and the record will be remanded for further proceedings.

The DHS first argues that we should reconsider our decision to withdraw from *Matter of Martin*, 23 I&N Dec. 491 (BIA 2002), in *Matter of Guzman-Polanco*. However, we continue to hold that the Puerto Rico simple battery statute is too vague to categorically establish a crime of violence under 18 U.S.C. § 16(a), because it only requires that the infliction of "injury to the bodily integrity of another" person be "through any means

---

[1] On April 25, 2016, the respondent's attorney submitted a request to withdraw as counsel on appeal. The request to withdraw is granted and counsel is permitted to withdraw as the respondent's legal representative for all purposes except receipt of this decision and service of the decision on the respondent. *See* 8 C.F.R. § 1292.5(a) (2016).

or form."  33 L.P.R.A. § 4749 (2011).  We also remain convinced that the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010), controls our interpretation of a crime of violence under 18 U.S.C. § 16(a) and that it was appropriate to withdraw from *Matter of Martin* to the extent that our decision is inconsistent with *Johnson*.

In *Johnson*, the Supreme Court held that "the phrase 'physical force,' means *violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson*, 559 U.S. at 140.  In *Matter of Guzman-Polanco*, 26 I&N Dec. at 716, we withdrew from our decision in *Matter of Martin* "to the extent" that it includes within the definition of a "crime of violence" offenses that do not require violent force.  Under the definition set forth in *Matter of Martin*, 23 I&N Dec. at 494, a statute that covers any application of physical force, however slight, that may cause physical injury would constitute a crime of violence.  However, we continue to conclude that the Supreme Court rejected this definition of a crime of violence in *Johnson*, 559 U.S. at 139.  More recently, the United States Court of Appeals for the First Circuit, in whose jurisdiction this case arises, has rejected our decision in *Matter of Martin*.  *Whyte v. Lynch*, 807 F.3d 463, 468–72 (1st Cir. 2015), *reh'g denied*, 815 F.3d 92 (1st Cir. 2016) (mem.).

The DHS also argues in its motion that the use of "indirect means" such as "poisoning" qualifies as a sufficient "use of force" for purposes of 18 U.S.C. § 16(a).  In particular, the DHS takes issue with our discussion in *Matter of Guzman-Polanco*, 26 I&N Dec. at 717–18 & n.7, regarding *United States v. Castleman*, 134 S. Ct. 1405 (2014), and the examples we gave in dicta involving whether bodily injury may result without the use of violent force.  In deciding *Matter of Guzman-Polanco*, we relied on *Whyte v. Lynch*, 807 F.3d at 469, which, as noted above, is binding circuit precedent in this case.

We recognize that there appears to be a split among the circuits on whether conduct such as the use or threatened use of poison to injure another person is sufficient "force" to satisfy the "violent force" requirement in *Johnson*, and thus whether conduct of this nature would constitute a crime of violence under 18 U.S.C. § 16(a).  *Compare Whyte v. Lynch*, 807 F.3d at 469, *United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012), *and United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010), *with United States v. Hill*, No. 14-3872-cr, 2016 WL 4120667, at *6–7 (2d Cir. Aug. 3, 2016), *Arellano Hernandez v. Lynch*, No. 11-72286, 2016 WL 4073313, at *3 (9th Cir. Aug. 1, 2016), *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016), *and De Leon Castellanos v. Holder*, 652 F.3d 762, 765–67 (7th Cir. 2011).  We need not take a position in this case as to the relevance of *United States v. Castleman*

in the context of a crime of violence under 18 U.S.C. § 16(a), and we note that the First Circuit declined to address *Castleman* when it denied the Government's motion for rehearing in *Whyte v. Lynch*, 815 F.3d at 92−93. Our decision in *Matter of Guzman-Polanco* should not be read as attempting to establish a nationwide rule addressing the scope of the use of force through indirect means, including poisoning. Rather, for our purposes, circuit law governs this issue unless the Supreme Court resolves the question. We therefore clarify *Matter of Guzman-Polanco* in this regard.

Accordingly, the DHS's motion will be granted and the record will be remanded to the Immigration Judge for further proceedings consistent with *Matter of Guzman-Polanco* and this opinion.

**ORDER:** The motion of the Department of Homeland Security for reconsideration is granted.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.