# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4014
_____

J. Cruz Ramirez-Barajas

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States of America

*Respondent*

_____

No. 17-1618
_____

J. Cruz Ramirez-Barajas

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 20, 2017
Filed: December 15, 2017

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

An Immigration Judge denied J. Cruz Ramirez-Barajas's application for cancellation of removal. The Board of Immigration Appeals dismissed his appeal and denied his motion to reconsider. He petitions for review of both decisions. Having jurisdiction under 8 U.S.C. § 1252, this court denies the consolidated petitions.

I.

Without inspection or admission, Ramirez-Barajas entered the United States in 1991. In 2001, he was convicted of misdemeanor domestic assault. *See* **Minn. Stat. § 609.2242, subd. 1(1)**. The Department of Homeland Security began removal proceedings in 2012, charging him with removability as an alien present without admission or parole. *See* **8 U.S.C. § 1182(a)(6)(A)(i)**.

Conceding removability, Ramirez-Barajas applied for cancellation of removal. *See* **8 U.S.C. § 1229b(b)(1)**. The Immigration Judge denied his application, finding him ineligible because his conviction was a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E). *See* **§ 1229b(b)(1)(C)** (an alien is ineligible for cancellation of removal if "convicted of an offense under section . . . 1227(a)(2) . . . of this title . . . .").

On appeal, the BIA affirmed the Immigration Judge's decision and later denied reconsideration. Ramirez-Barajas petitions for review, arguing that his conviction is not a crime of domestic violence because it is not a "crime of violence" under 18 U.S.C. § 16(a). This court consolidated the two petitions. *See* **§ 1252(b)(6)**.

This court lacks jurisdiction to review the discretionary denial of cancellation of removal under § 1229b, but has jurisdiction to review questions of law raised in a petition for review. *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 439 (8th Cir. 2008), *citing* **§§ 1252(a)(2)(B)(i), 1252(a)(2)(D)**. This court reviews "the BIA's legal determinations *de novo*, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." *Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014). This court reviews for abuse of discretion the BIA's denial of a motion to reconsider. *Esenwah v. Ashcroft*, 378 F.3d 763, 765 (8th Cir. 2004).

II.

Section 1227(a)(2)(E)(i) defines a crime of domestic violence as "any crime of violence (as defined in section 16 of Title 18)" in a domestic relationship. Ramirez-Barajas concedes the domestic-relationship element. He argues only that the Minnesota statute—whoever "commits an act with intent to cause fear in [a family or household member] of immediate bodily harm or death"—is not a crime of violence, because it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Compare* **Minn. Stat. § 609.2242, subd. 1(1)**, *with* **§ 16(a)**.

*United States v. Schaffer* controls this issue. This court there held that a conviction under the same statute is a "violent felony" under the force clause of the Armed Career Criminal Act, because it has "as an element 'the threatened use of physical force against the person of another.'" *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016), *quoting* **18 U.S.C. § 924(e)(2)(B)(i)**. Although *Schaffer* addresses the ACCA, its language—threatened use of physical force against the person of another—mirrors that in § 16(a). *See Roberts*, 745 F.3d at 930 (recognizing "violent felony" under the ACCA as "virtually identical" to "crime of violence" under § 16).

Misdemeanor domestic assault under the Minnesota statute is a crime of violence under § 16(a). The BIA did not err in finding Ramirez-Barajas ineligible for cancellation of removal, nor abuse its discretion in denying his motion for reconsideration.

III.

Ramirez-Barajas argues that this court erred in *Schaffer* by relying on *United States v. Salido-Rosas*. *See Schaffer*, 818 F.3d at 798, *citing United States v. Salido-Rosas*, 662 F.3d 1254, 1256 (8th Cir. 2011). He reasons that recent Supreme Court decisions—*Johnson v. United States*, 135 S. Ct. 2551, 2557-61 (2015), and *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)—call *Salido-Rosas* into question. This and his other attacks on *Schaffer* ask this court to overrule it, which can only be considered en banc. *See United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."). This court decided *Schaffer* after *Johnson* and *Moncrieffe*. *See id.* ("This rule, however, does not apply when the earlier panel decision is cast into doubt by an intervening Supreme Court decision."). He cites only two (unpublished) Minnesota cases postdating *Schaffer*, neither of which affects it. *See State v. Caruthers*, 2017 WL 164417, at *1-2 (Minn. Ct. App. Jan. 17, 2017) (finding evidence sufficient to support conviction for fifth-degree assault based on fact-finder's inference that the defendant threatened to fight his son's hockey coach); *State v. Sabahot*, 2016 WL 7041708, at *4-5 (Minn. Ct. App. Dec. 5, 2016) (spitting in an officer's face without causing bodily harm is not fourth-degree assault of a police officer).

The *Schaffer* decision is also not contradicted by *United States v. Horse Looking*, 828 F.3d 744, 746-47 (8th Cir. 2016). This court there held that "[a]ttempt[] by physical menace or credible threat to put another in fear of imminent bodily harm, with or without the actual ability to harm the other person" is not a "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A). *Id.* But as applicable

-4-

in that case, § 921(a)(33)(A) required the "threatened use of a deadly weapon," which was not an element of the state law. *See id.*, at 747, *comparing* **§ 921(a)(33)(A)(ii)** *with* **S.D.C.L. § 22-18-1(4)**. Under § 16(a), the "threatened use of physical force" is sufficient.

Finally, the BIA's decision in *In re Guzman-Polanco*, 26 I. & N. Dec. 713, 717-18 (BIA 2016), is not relevant. The BIA there found that Puerto Rico battery, requiring infliction of bodily injury "through any means or form," is not a crime of violence under § 16(a). *Id.*, *quoting* **P.R. Laws Ann. tit. 33, § 4749**. The BIA reasoned that a person could violate the Puerto Rico statute without involving violent force, by poisoning a victim. *Id.*, *citing* **Whyte v. Lynch**, 807 F.3d 463, 469 (1st Cir. 2015). Importantly, the BIA's initial reasoning about poisoning contradicts this court's jurisprudence. *See* **Schaffer**, 818 F.3d at 798 ("[E]ven though the act of poisoning a drink does not involve physical force, the act of employing poison knowingly as a device to cause physical harm does." (internal quotation marks omitted) (quoting **United States v. Castleman**, 134 S. Ct. 1405, 1415 (2014))). At any rate, the BIA reissued its decision, clarifying that it relied on First Circuit law and "should not be read as attempting to establish a nationwide rule addressing the scope of the use of force through indirect means, including poisoning." **In re Guzman-Polanco**, 26 I. & N. Dec. 806, 807-08 (BIA 2016). Here, the BIA appropriately applied this circuit's law.

\* \* \* \* \* \* \*

The petitions for review are denied.

_____