# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2164

_____

Daniel Oginga Onduso

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

No. 17-1526

_____

Daniel Oginga Onduso

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Daniel Onduso petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of a removal order. The BIA correctly determined that Minnesota misdemeanor domestic assault qualifies as a crime of domestic violence and, accordingly, that Onduso's conviction for this offense rendered him ineligible for cancellation of removal. Therefore, we deny the petition.

Onduso, a native and citizen of Kenya, legally entered the United States as a temporary visitor in January 1999. He overstayed his six-month visa and has resided here unlawfully ever since. On June 8, 2009, the Department of Homeland Security commenced removal proceedings against Onduso by issuing a Notice to Appear ("NTA"), charging him as removable for remaining in the United States for a period longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). After a series of proceedings not relevant here, an immigration judge ("IJ") found Onduso removable as charged in the NTA and ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C), due to his 2004 Minnesota conviction for domestic assault. *See* Minn. Stat. § 609.2242, subd. 1. On appeal, the BIA rejected Onduso's claim that this misdemeanor offense does not categorically qualify as a "crime of domestic violence" based on its analysis of Minnesota case law and our relevant crime-of-violence determination in *United States v. Salido-Rosas*, 662 F.3d 1254, 1256 (8th Cir. 2011) (concluding that "[k]nowingly or purposely causing or attempting to cause

-2-

bodily injury or making another person fear imminent bodily harm necessarily requires using, attempting to use, or threatening to use physical force").

Onduso then filed a motion to reconsider, arguing that the BIA's analysis was "starkly in opposition" to in its approach in *Matter of Guzman-Polanco I*, 26 I&N Dec. 713 (B.I.A. 2016). In that case, which arose in the First Circuit, the BIA held that Puerto Rico third-degree battery was not a crime of violence because it could be committed "by means that do not require the use of violent physical force," such as by poisoning a victim. *See id.* at 717-18. Applying similar logic, Onduso argued that Minnesota misdemeanor domestic assault did not categorically qualify as a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i). In ruling on Onduso's motion, the BIA first observed that "[t]he record . . . does not specify whether [he] violated subsection 1 or subsection 2" of Minn. Stat. § 609.2242, subd. 1. It went on to conclude, however, that this ambiguity was irrelevant, as both subsections categorically qualify as crimes of domestic violence under Eighth Circuit precedent. *See Matter of Guzman-Polanco II*, 26 I&N Dec. 806, 808 (B.I.A. 2016) ("Our decision in *Matter of Guzman-Polanco [I]* should not be read as attempting to establish a nationwide rule addressing the scope of the use of force through indirect means, including poisoning. Rather, for our purposes, circuit law governs this issue . . . ."). Onduso then petitioned this court for review, primarily arguing that we should reverse several of our prior opinions concerning the application of the minimum-conduct test in light of the Supreme Court's decision in *Moncrieffe v. Holder*. *See* 569 U.S. 184, 190-91 (2013). We decline his invitation to "rescue" the BIA from these purportedly "stale" cases, particularly given that our recent decision in *Ramirez-Barajas v. Sessions* rejected a similar set of arguments in a case involving subsection 1 of the same Minnesota statute. *See* Nos. 16-4014 & 17-1618, 2017 WL 6390314 (8th Cir. Dec. 15, 2017); *see also United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

"We review the BIA's legal determinations *de novo*," including whether a state offense qualifies as a bar to cancellation of removal. *Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014) (per curiam). The Immigration and Nationality Act authorizes the Attorney General to cancel the removal of nonpermanent residents, provided that, among other things, they have not been convicted of a disqualifying criminal offense. *See* 8 U.S.C. § 1229b(b). This includes "crime[s] of domestic violence," *see id.* § 1227(a)(2)(E)(i), which are offenses involving any "crime of violence"—as that term is defined in 18 U.S.C. § 16—directed against a person in a qualifying domestic relationship," *id.* Title 18, in turn, defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Onduso concedes that he was in a qualifying domestic relationship with the victim of his assault, and it is undisputed that his conviction was for a misdemeanor offense, not a felony, thereby negating the application of § 16(b). Thus, the only question before us is whether Minnesota misdemeanor domestic assault categorically qualifies as a crime of violence under § 16(a), which we have treated as equivalent to the force clause of the United States Sentencing Guidelines and the Armed Career Criminal Act ("ACCA"). *See Roberts*, 745 F.3d at 930-31.

Onduso was convicted of misdemeanor domestic assault under Minn. Stat. § 609.2242, subd. 1, which provides:

> Whoever does any of the following against a family or household member . . . commits an assault and is guilty of a misdemeanor:

(1) commits an act with intent to cause fear in another of immediate bodily harm or death; or

(2) intentionally inflicts or attempts to inflict bodily harm upon another.

For purposes of this statute, "bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." *Id.* § 609.02, subd. 7. Although Onduso urged the IJ to find that he was convicted under subsection 2 of the statute, the BIA correctly determined that the record is unclear as to which subsection—(1) assault-fear or (2) assault-harm—served as the basis for his conviction. Thus, we consider whether both offenses categorically qualify as crimes of violence.

As an initial matter, we agree with the BIA that the then-applicable Eighth Circuit and Minnesota precedent suggested that both subsections satisfy § 16(a). First, the BIA correctly recognized that our decision in *United States v. Schaffer* guided its crime-of-violence determination concerning subsection 1. *See* 818 F.3d 796 (8th Cir. 2016) (concluding that this offense qualified as a violent felony for ACCA purposes). However, this analysis became considerably simpler after our decision in *Ramirez-Barajas* extended *Schaffer* to the § 16(a) context and further concluded that intervening Minnesota case law did not affect its conclusion. *See* 2017 WL 6390314, at *1-2. We follow *Ramirez-Barajas*'s express holding that subsection 1 categorically qualifies as a crime of domestic violence. *See id.* at *2.

Second, although we have not directly addressed whether subsection 2 also qualifies as a crime of violence, the logic underlying relevant circuit precedent resolves the issue. As the BIA noted, by its very terms this offense requires the intentional or attempted infliction of bodily harm, and we previously have explained that "it is impossible to cause bodily injury without using force 'capable of' producing that result." *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring)). Moreover, our conclusion that subsection 2 categorically qualifies as

a crime of violence follows naturally from the analysis of subsection 1 in *Ramirez-Barajas*. Given that convictions for both offenses include the same element of "bodily harm," we see no basis for reaching the opposite result here. Thus, whichever provision served as the basis for Onduso's conviction, we find that it necessarily involved a crime of violence and thereby qualifies as a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i).

Accordingly, because Onduso's conviction for Minnesota misdemeanor domestic assault rendered him statutorily ineligible for cancellation of removal, we deny the petition.

———————————————