# Matter of N-V-G-, Respondent

*Decided September 17, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A person who enters the United States as a refugee and later adjusts in the United States to lawful permanent resident status is not precluded from establishing eligibility for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2018), based on a conviction for an aggravated felony, because he or she has not "previously been admitted to the United States as an alien lawfully admitted for permanent residence" under that provision.

FOR RESPONDENT:   Mai Neng Moua, Esquire, Minneapolis, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Amy K.R. Zaske, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Deputy Chief Appellate Immigration Judge; HUNSUCKER, Appellate Immigration Judge; NOFERI, Temporary Appellate Immigration Judge.

NOFERI, Temporary Appellate Immigration Judge:

In a decision dated September 13, 2018, an Immigration Judge granted the respondent's request for a waiver of his inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2018). The Department of Homeland Security ("DHS") has appealed from this decision, and the respondent opposes the appeal. The DHS's appeal regarding the respondent's eligibility for a 212(h) waiver will be dismissed, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Laos who entered the United States as a refugee in 1989 under section 207 of the Act, 8 U.S.C. § 1157 (1988). In 1990, he adjusted his status to that of a lawful permanent resident pursuant to section 209(a) of the Act, 8 U.S.C. § 1159(a) (1988). In 2001, he was convicted of second degree assault with a dangerous weapon in violation of section 609.222(1) of the Minnesota Statutes Annotated, and sentenced to 21 months of incarceration.

Based on this conviction, the DHS placed the respondent in removal proceedings, charging him with removability under section 237(a)(2)(E)(i) of the Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2006), as an "alien . . . convicted of a crime of domestic violence." The respondent admitted the allegations and conceded that he was removable as charged. For purposes of relief from removal, the Immigration Judge found that the respondent's conviction was one for an aggravated felony "crime of violence" for which the term of imprisonment was at least 1 year under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2018).[1] The Immigration Judge acknowledged that section 212(h) of the Act bars a respondent who has been convicted of an aggravated felony after "previously [being] admitted to the United States as an alien lawfully admitted for permanent residence." However, she concluded that the respondent was not subject to this bar because he entered the United States as a refugee, not as a lawful permanent resident, and he was not "admitted to the United States as an alien lawfully admitted for permanent residence" based on his adjustment of status under section 209(a) of the Act. The DHS challenges this conclusion on appeal. Whether the respondent is subject to the aggravated felony bar at section 212(h) of the Act is a question of law we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2021).

## II. DISCUSSION

In relevant part, section 212(h) of the Act states that no waiver shall be granted "in the case of an alien who has previously been *admitted* to the United States as an alien *lawfully admitted for permanent residence* if . . . since the date of the admission the alien has been convicted of an aggravated felony." (Emphases added.) The term "admitted" is defined as "the lawful entry of the alien into the United States after inspection and authorization by

---

[1] We affirm the Immigration Judge's conclusion that the respondent's conviction is for an aggravated felony. The United States Court of Appeals for the Eighth Circuit, under whose jurisdiction this case arises, has held that a violation of section 609.222(1) of the Minnesota Statutes Annotated is categorically a conviction for a "violent felony" under the "force clause" of the Armed Career Criminal Act ("ACCA"). *United States v. Pendleton*, 894 F.3d 978, 981–82 (8th Cir. 2018). The "force clause" of the ACCA is identical in all material respects to the definition of a "crime of violence" under 18 U.S.C. § 16(a) (2018), which is incorporated by reference into section 101(a)(43)(F) of the Act. *Compare* 18 U.S.C. § 16(a), *with* 18 U.S.C. § 924(e)(2)(B)(i) (2018). We have previously described the "force clause" of the ACCA and the definition of an aggravated "crime of violence" under § 16(a) as "very similar." *Matter of Guzman-Polanco*, 26 I&N Dec. 713, 717 (BIA 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)), *clarified by* 26 I&N Dec. 806 (BIA 2016). Thus, the Immigration Judge properly applied the Eighth Circuit's holding in *Pendleton* to the respondent's conviction.

an immigration officer."  Section 101(a)(13)(A) of the Act.  And the term "lawfully admitted for permanent residence" is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  Section 101(a)(20) of the Act.

We have interpreted section 212(h) in light of these terms and held that in order to be subject to the aggravated felony bar under this provision, three prerequisites apply—respondents must have (1) "*entered* the United States," (2) "as lawful permanent residents," (3) prior to being convicted of an aggravated felony.  *Matter of J-H-J-*, 26 I&N Dec. 563, 565 (BIA 2015) (emphasis added).  We did so because a clear majority of circuit courts adopted a similar interpretation of this provision.  *Id.* at 564 (collecting cases); *see also, e.g.*, *Stanovsek v. Holder*, 768 F.3d 515, 517 (6th Cir. 2014) (stating that "a § 212(h) waiver is precluded after a conviction of an aggravated felony only when the removable person had attained the status of lawful permanent resident at the time of his or her lawful entry into the United States"); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1366–67 (11th Cir. 2011) (interpreting section 212(h) as providing that "a person must have physically entered the United States, after inspection, as a lawful permanent resident in order to have 'previously been admitted to the United States as an alien lawfully admitted for permanent residence'" (citation omitted)).  *But see Roberts v. Holder*, 745 F.3d 928, 932 (8th Cir. 2014) (per curiam).

As noted, the respondent entered the United States as a refugee under section 207 of the Act and later adjusted to lawful permanent resident status pursuant to section 209(a) of the Act.  The DHS argues that our holding in *Matter of J-H-J-* is inapplicable in light of this two-step process for refugee admissions because section 209(a)(2) of the Act provides that an individual, who was admitted as a refugee and later adjusts his or her status to that of a lawful permanent resident under section 209(a), "shall . . . be regarded as lawfully admitted to the United States for permanent residence as of the date of such alien's arrival into the United States."  We disagree.

Although we have held that a person "admitted to the United States as a refugee has been '*admitted*' for purposes of section 101(a)(13)(A) of the Act," *Matter of D-K-*, 25 I&N Dec. 761, 769 (BIA 2012) (emphasis added), we have never said that such a "refugee" has been admitted in the status of an alien "*lawfully admitted for permanent residence*," for purposes of section 101(a)(20) of the Act (emphasis added).  *See also Matter of Jean*, 23 I&N Dec. 373, 374 n.4 (A.G. 2002) (noting that the respondent, admitted as a "refugee" under section 207, was not "*permanently admitted* into the country").  *See generally Sanchez v. Mayorkas*, 141 S. Ct. 1809, 1813 (2021) ("Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other.").

Significantly, section 207 of the Act explicitly provides for the admission of "refugees," and, unlike section 209(a)(2), it does not use the term "lawfully admitted . . . for permanent residence." Thus, an "admission" under section 207 is an "admission" to the United States in the status of a "refugee," not a lawful permanent resident. *Matter of D-K-*, 25 I&N Dec. at 769; *see generally INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (citation omitted)). Further, section 209 of the Act, which governs the adjustment of status of refugees "admitted to the United States under section 207," explicitly precludes refugees from adjusting their status if they have "acquired permanent resident status." Sections 209(a)(1), (1)(C) of the Act. Accordingly, sections 207 and 209 provide that the respondent, who entered the United States as a "refugee" and later adjusted his status under section 209(a) of the Act, was not "previously . . . admitted to the United States as an alien lawfully admitted for permanent residence" within the meaning of section 212(h) of the Act. The relevant legislative history supports this conclusion.

During passage of the Refugee Act of 1980, Pub. L. No. 96-912, 94 Stat. 102, Congress rejected proposed language from the Senate, which would have granted lawful permanent resident status to refugees upon their entry into the United States and instead adopted statutory language conditionally withholding lawful permanent resident status from refugees. S. Rep. No. 96-256, at 7–8 (1979); *see also Matter of D-K-*, 25 I&N Dec. at 767 (recognizing this legislative history). In the final version, Congress replaced "'conditional entrant' status" with "*conditional admission of all refugees*." *Matter of Garcia-Alzugaray*, 19 I&N Dec. 407, 408 (BIA 1986) (emphases added); *see also* H.R. Rep. No. 96-781, at 21 (1980). Thus, a respondent who is conditionally admitted as a "refugee" under section 207 has not been admitted as "an alien lawfully admitted for permanent residence" for purposes of the section 212(h) waiver.[2]

---

[2]  This conclusion is consistent with our holding in *Matter of Paek*, 26 I&N Dec. 403 (BIA 2014), *aff'd, Paek v. Att'y Gen. of the U.S.*, 793 F.3d 330 (3d Cir. 2015). In that case, we held that a spouse or child initially admitted to the United States as a conditional permanent resident under section 216(a) of the Act, 8 U.S.C. § 1186a(a) (2012), has previously been "admitted to the United States as an alien lawfully admitted for permanent residence" within the meaning of section 212(h). *Id.*, 26 I&N Dec. at 406–07. We reached this conclusion based on the plain language of the Act, which provides that "permanent resident status is obtained on the date of an alien's initial admission as a conditional permanent resident," and thus, "although an alien may be admitted pursuant to section 216 on a conditional basis, under the plain language of that section, such an admission is

Moreover, we are not persuaded that the language at section 209(a)(2) of the Act retroactively converts the respondent's adjustment of status—after he entered the United States as a "refugee"—into a previous "admission" into the United States as "an alien lawfully admitted for permanent residence" within the meaning of section 212(h) of the Act.[3]  Being "regarded," following an adjustment of status, as "lawfully admitted . . . for permanent residence" as of one's date of arrival in the United States is not the same thing as being *admitted* to the United States as a lawful permanent resident, as required by section 212(h).  Sections 209(a)(2), 212(h) of the Act.  We made this very point in *Matter of J-H-J-*.

Prior to *Matter of J-H-J-*, we had held that the term "admitted" in section 212(h) of the Act was ambiguous and could encompass an adjustment of status within the United States.  *Matter of E.W. Rodriguez*, 25 I&N Dec. 784, 789 (BIA 2012); *Matter of Koljenovic*, 25 I&N Dec. 219, 220–23 (BIA 2010).  The United States Court of Appeals for the Eighth Circuit, in whose jurisdiction this case arises, deferred to our holdings in those cases.  *Roberts*, 745 F.3d at 932.  However, in the face of "overwhelming circuit court authority in disagreement with *Koljenovic* and *E.W. Rodriguez*," concluding that the term "admitted to the United States as an alien lawfully admitted for permanent residence" in section 212(h) plainly and unambiguously required a person to *enter* the United States as a permanent resident, we "accede[d] to the clear majority view of these . . . circuits" and withdrew from our prior holdings in *Matter of Koljenovic* and *Matter of E.W. Rodriguez*.  *Matter of J-H-J-*, 26 I&N Dec. at 564–65.  As noted, we held that section 212(h) "only precludes aliens who *entered* the United States as lawful permanent residents from establishing eligibility for a waiver on the basis of an aggravated felony conviction."  *Id.* at 565 (emphasis added).  Because the respondent entered the United States as a refugee—rather than as a lawful permanent resident—he is not subject to the aggravated felony bar under section 212(h).  We are not persuaded by the DHS's remaining arguments to the contrary.

In support of its argument that section 209(a)(2) retroactively converted the respondent's entry as a "refugee" into an "admission" as a lawful permanent resident, the DHS points to similar language in section 245(b) of the Act, 8 U.S.C. § 1255(b) (2018), which provides that "[u]pon the approval of an application for adjustment made under subsection (a) of this section,

---

nonetheless an admission 'as an alien lawfully admitted for permanent residence'" under section 212(h).  *Id.*

[3]  The legislative history of the Refugee Act of 1980 reflects that Congress intended section 209(a)(2) to preserve a refugee's physical presence in the United States from the date of initial entry for purposes of eligibility for naturalization, such that "the individual would not be disadvantaged during the waiting period" required to apply for adjustment of status.  126 Cong. Rec. 4500 (1980) (statement of Rep. Holtzman).

the Attorney General shall record the alien's *lawful admission* for permanent residence as of the date of the order of the Attorney General approving the application for adjustment of status." (Emphasis added.) The DHS contends that this language supports its contention that an adjustment of status under section 209 is an "admission." However, section 245(b) relates to adjustment of status under section 245(a), not section 209(a) of the Act. And, in any event, we withdrew our prior precedents endorsing the DHS's interpretation of section 245(b) of the Act. *See Matter of J-H-J-*, 26 I&N Dec. at 565.[4]

The DHS also relies on section 209(a)(1), which requires applicants for adjustment of status to "return or be returned to the custody of the [DHS] for inspection and examination for *admission to the United States as an immigrant*." (Emphasis added.) The DHS argues that this reinspection requirement renders an applicant "admitted to the United States as an alien lawfully admitted for permanent residence" for purposes of section 212(h). However, adjustment of status under section 209(a) does not necessitate a "lawful entry" into the United States within the meaning of section 101(a)(13)(A) of the Act.[5] We therefore conclude, consistent with the holdings to which we acceded in *Matter of J-H-J-*, that adjustment of status pursuant to section 209(a) of the Act does not render the respondent "previously . . . admitted to the United States as an alien lawfully admitted for permanent residence" within the meaning of section 212(h) of the Act. *See, e.g.*, *Lanier*, 631 F.3d at 1366–67. This conclusion is consistent with *Matter of D-K-*, 25 I&N Dec. at 769, in which we stated that the reinspection requirement under section 209(a)(1) "does not undermine [a noncitizen's] initial admission as a refugee under section 207 of the Act."[6]

Finally, we recognize that the Eighth Circuit has held that a refugee who adjusted his status under section 209 of the Act was "admitted" within the meaning of the aggravated felony bar in section 212(h). *Spacek v. Holder*,

---

[4]   The circuit court interpretations we acceded to in *Matter of J-H-J-* found section 245(b) to be consistent with "admission" defined as "an event occurring at the point of first lawful entry," which is distinguishable from "lawful status." *Stanovsek*, 768 F.3d at 519 ("[T]he *status* of 'lawfully admitted for permanent residence' can be attained at that point of entry or at a later adjustment of status."); *see also Husic v. Holder*, 776 F.3d 59, 64–65 (2d Cir. 2015).

[5]   The regulations provide that refugees may apply for adjustment of status from within the United States, without a requirement to reenter the United States. *See* 8 C.F.R. §§ 209.1, 1209.1 (2021).

[6]   To the extent that we stated in *Matter of D-K-*, 25 I&N Dec. at 768, that "our construction effectively envisions that a refugee who ultimately becomes a lawful permanent resident will have been 'admitted' twice—first, upon conditional admission under section 207 of the Act, and second, upon reinspection and adjustment to permanent resident status under section 209(a) of the Act," that language was dicta not essential to our holding in that case.

688 F.3d 536, 539 (8th Cir. 2012).[7]  Citing the reinspection requirement at section 209(a)(1), the court reasoned that this provision "incorporates the same definitions as [section 212(h)], so 'admission' under the former is equivalent to 'admission' under the latter."  *Id.*  Based on this reasoning, the court concluded that the respondent in that case had been "'lawfully admitted for permanent residence' at the time of his 'admission' under [section 209(a)(1)]," and thus "his subsequent aggravated felony disqualifie[d] him from seeking a [section 212(h)] waiver of inadmissibility."  *Id.*

While the Eighth Circuit reached a different conclusion in *Spacek* than the holding we reach today, we note that the court's decision in *Spacek* preceded *Roberts*, in which the Eighth Circuit expressly concluded that the wording of the section 212(h) waiver—the key statutory provision at issue here—is ambiguous, and deferred to our interpretation of that provision. *Roberts*, 745 F.3d at 932.  Subsequently, in *Matter of J-H-J-*, which also arose in the Eighth Circuit, we withdrew from our prior interpretation of section 212(h) and acceded to "overwhelming circuit court authority" finding section 212(h) unambiguous.  *Matter of J-H-J-*, 26 I&N Dec. at 564–65.  The decision in *Spacek* was not based on a holding that the statutory text of section 212(h) was unambiguous.  *Spacek*, 688 F.3d at 539; *cf., e.g.*, *Lanier*, 631 F.3d at 1366–67 (basing its holding on "the plain language of § 212(h)").

Because the Eighth Circuit has concluded in *Roberts* that the wording of section 212(h) is ambiguous, we respectfully conclude that our holding in this case is reasonable and warrants deference, as it is consistent with significant changes in the interpretation of section 212(h) since the issuance of *Spacek*.  *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* [*U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984),*]* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."); *see also Roberts*, 745 F.3d at 932.[8]  This will also promote

---

[7]  We are not aware of any Circuit Court of Appeals that has followed the *Spacek* court's approach.

[8]  Additionally, the fact that *Spacek* relies in significant part on an analysis of the interplay between two statutory provisions (i.e. sections 209(a)(1) and 212(h) of the Act) is a further indication that *Spacek*'s construction is not based on the provisions being unambiguous. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 512-14 (9th Cir. 2012) (en banc) (noting that tension between two provisions "creates a statutory ambiguity that cannot be resolved conclusively by resort to the text," and deferring to the Board regarding *Matter of Briones*, 24 I&N Dec. 355 (BIA 2007) and *Matter of Diaz and Lopez*, 25 I&N Dec. 188 (BIA 2010)).

national uniformity in the administration of the immigration laws.[9]  *See Matter of Ortega-Lopez*, 27 I&N Dec. 382, 387 (BIA 2018) ("[A] single rule furthers the paramount need for 'uniformity in the administration of immigration laws.'" (citation omitted)), *aff'd*, *Ortega-Lopez v. Barr*, 978 F.3d 680 (9th Cir. 2020); *see also, e.g., Matter of Marquez Conde*, 27 I&N Dec. 251, 254-55 (BIA 2018) (reaffirming and modifying *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), to apply it nationwide).

For the reasons stated above, we conclude that a person who enters the United States as a refugee and later adjusts in the United States to lawful permanent resident status is not precluded from establishing eligibility for a waiver of inadmissibility under section 212(h) of the Act based on a conviction for an aggravated felony, because he or she has not "previously been admitted to the United States as an alien lawfully admitted for permanent residence" under that provision.

We therefore agree with the Immigration Judge that the respondent's conviction for an aggravated felony does not bar him from seeking a section 212(h) waiver and will affirm the Immigration Judge's determination that the respondent is eligible for a waiver of inadmissibility under section 212(h) of the Act.  Accordingly, the DHS's appeal of that issue is dismissed.

We note that the Immigration Judge erred in concluding that the respondent could seek a "stand-alone" waiver without also applying for adjustment of status.  *Matter of Rivas*, 26 I&N Dec. 130, 132–33 (BIA 2013) (holding that a waiver of inadmissibility under section 212(h) of the Act is not available on a "stand-alone" basis to an alien in removal proceedings without a concurrently filed application for adjustment of status).  However, the record reflects that the respondent has submitted an application for adjustment of status based on an approved visa petition filed by his United States citizen daughter.  The record is remanded to the Immigration Judge for further consideration of the respondent's statutory eligibility for adjustment of status, and whether he warrants relief in the exercise of discretion.  The respondent may also pursue on remand any other relief or protection for which he may be eligible.  We express no opinion regarding the outcome of the proceedings on remand.

**ORDER:**  The Department of Homeland Security's appeal is dismissed.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for entry of a new decision.

---

[9]    The Board has previously issued inconsistent decisions within the Eighth Circuit on this issue.